Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 568 | **DATE** | September 29, 2000 |
| **CASE TITLE** | Chicago Dist. Council of Carpenters Pension Fund v. Fonsa Construction | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's motion to stay pending arbitration [ 8-2] is granted. The parties are directed to initiate arbitration pursuant to the Collective Bargaining Agreement without delay. A status conference is set for November 1, 2000 at 9:30 a.m. for a report on progress.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | OCT 02 2000 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 | docketing deputy initials | |
| | Copy to _____ | FILED FOR DOCKETING | | |
| | | 00 SEP 29 AM 11:28 | date mailed notice | |
| KAM | courtroom deputy's initials | | KAM mailing deputy initials | |
| | | Date/time received in central Clerk's Office | (Reserved for use by the Court) | |

00-568.001-DM

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO DISTRICT COUNCIL OF )
CARPENTERS PENSION FUND, )
et. al. )
    Petitioner, )
)
vs. ) No. 00-CV-568
)
FONSA CONSTRUCTION, Inc., )
)
    Respondent. )

## MEMORANDUM OPINION

The plaintiffs, the Chicago and Northeast District Council of Carpenters (the "Union"); the Chicago District Council of Carpenters Pension Fund, the Chicago District Council of Carpenters Welfare Fund, and the Chicago and Northeast District Council of Carpenters Apprentice and Trainee Program (collectively, the "Trust Funds"); and the Trust Funds' respective trustees (the "Trustees") brought an action to compel the defendant, Fonsa Construction, Inc.("Fonsa") to post additional bond to secure the payment of wages to its employees and fringe benefit contributions to the Trust Funds. Fonsa has moved to dismiss the complaint on the ground that the action is governed by a provision in the Collective Bargaining Agreement that requires arbitration of disputes

concerning bonding obligations undertaken in the Collective Bargaining Agreement. We grant defendant's motion for a stay pending arbitration for the reasons discussed herein.

All parties agree that Fonsa is obligated to post a bond pursuant to provisions of the Collective Bargaining Agreement, Article XV, which covers "Bonding."[1] Fonsa argues that because the amount of the bond is at issue, the dispute is governed by Article XVIII of the Collective Bargaining Agreement, which sets forth the procedure for "Settlement of Disputes." The Trust Funds argue that they cannot be compelled to arbitrate because they are third-party beneficiaries, and not signatory parties, to the Collective Bargaining Agreement.

As a preliminary matter, we should note that plaintiffs argue only that the Trust Funds (and the respective Trustees) are not subject to mandatory arbitration under Article XV. Plaintiffs give no explanation for why the Union, which did negotiate and sign the Collective Bargaining Agreement, would not be subject to the terms of the Collective Bargaining Agreement. Thus, even if we found that this matter should proceed in court with respect to the Trust

---

[1] Fonsa signed an agreement to be bound by the Collective Bargaining Agreement and the Trust Agreements negotiated by the Union and the Mid-America Regional Bargaining Association, an organization which represents employers, like Fonsa, that employ carpenters. See Plaintiffs' Exhibit A.

Funds, we would stay the action, as to the Union's claim, because of the arbitration requirement.

The question of whether the Trust Funds, as third-party beneficiaries, are bound by the terms of the Collective Bargaining Agreement is one of contractual intent, governed by the law established in <u>Schneider Moving & Storage Co. v. Robbins</u>, 466 U.S. 364 (1984) and <u>Pipe Fitters' Welfare Fund, Local Union 597 v. Mosbeck Industrial Equipment, Inc.</u>, 856 F.2d 837, 840 (7th Cir. 1988). In both <u>Schneider</u> and <u>Local 597</u> the courts found that the parties had not intended under the circumstances to submit to arbitration before resorting to federal court. The Court stated in <u>Schneider</u>, 466 U.S. at 372, that the presumption in favor of arbitrability is not applicable to disputes between employers and trustees of employee benefit funds. In <u>Mosbeck</u>, the Seventh Circuit interpreted <u>Schneider</u>, stating: "<u>Schneider</u> stands for the proposition that courts must carefully examine the pertinent trust and collective bargaining agreements to determine whether [the] parties intended to arbitrate disputes between trust funds and employers." 856 F.2d at 840 (citations omitted).

Plaintiffs argue that the principles of <u>Schneider</u> and <u>Mosbeck</u> apply here to negate the Trust Funds' obligation to arbitrate. Defendant counters that the court's analysis in <u>Jaffee, et. al. v.</u>

Shanin Co., 763 F. Supp 286 (N.D. Ill. 1991) is more directly on point and requires a contrary conclusion. We agree.

In Shanin, the court analyzed Schneider and Mosbeck. See Id. at 287-290. In Schneider two separate agreements governed the relationship between the parties. The trust agreement there gave the trustees the power to bring "any legal proceedings [that they] in their discretion deem in the best interest of the Fund to effectuate the collection or preservation of contributions." Id. at 289 (citations omitted). The court found it significant that there was no language which conditioned this authority granted in the trust agreement on the provisions of the collective bargaining agreement. Id. Additionally, the language of the arbitration clause was narrow: it was written only to apply to "differences that arise between the Company and the Union or any employee of the Company as to the meaning or application of the provisions of this agreement." Id.

In Mosbeck, the Seventh Circuit concluded that there was similarly empowering language in the trust agreement at issue there. Id. Although in Mosbeck the language of the arbitration clause in the collective bargaining agreement arguably applied to the trust funds, the court held that the language in the trust agreement belied a clear intent to allow the trust funds to pursue

whatever remedy they might choose. Id. at 290.

The Shanin court concluded that where plaintiffs brought suit pursuant only to the collective bargaining agreement, and the arbitration clause in that agreement contained no language suggesting that it governed only disputes between the union and the employers, the parties must have intended that disputes between the trust funds and the employers would be covered by the arbitration clause.[2]  Id. at 290-91.  We also have only the Collective Bargaining Agreement to analyze with respect to intent, and we reach a similar conclusion.[3]

Plaintiffs argue that the Collective Bargaining Agreement contains no specific provision that provides for trustee-employer arbitration. Yet, as in Shanin, there is no language in Article XVIII which limits its use to the parties who negotiated the agreement. See 763 F. Supp. at 290; Defendant's Exhibit B, at 29. Section 18.2 of the agreement reads, "Except as provided in

---

[2]/The court also noted that the trust funds did not receive contributions from employers who were not subject to the same collective bargaining agreement. This distinguished one of the points made in Schneider, that the parties would not have intended for the trust fund to be subject to the terms of many differing collective bargaining agreements. 763 F. Supp. at 290 (citations omitted). Here, the parties have not told us whether the Trust Funds receive contributions from employers not covered by the Collective Bargaining Agreement.

[3]/While defendant admits to being bound by the provisions of both the Collective Bargaining Agreement and the Declarations of Trust which created the Trust Funds ("Trust Agreements"), see Answer, at ¶ 5, plaintiffs do not refer to any relevant provisions of the Trust Agreements in their complaint or in their response to defendant's motion.

Sections 12.13, 13.11, 14.11, 27.3, 28.2, 34.1, 35.1, 36.1, and 37.1 of this Agreement, the Board of Arbitration shall have jurisdiction over all questions involving the interpretation and application of any Section of this Agreement. . . ." Defendant's Exhibit B, at 29.

Plaintiffs argue that the first three aforementioned exceptions are relevant. They argue that Articles XII, XIII, and XIV of the Collective Bargaining Agreement, which establish the Health and Welfare Fund, the Pension Fund, and the Training Fund, respectively, "expressly exempt the Trust Funds from the grievance/arbitration procedure." See Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss, at 3. This statement is overbroad. Each of Articles XII, XIII, and XIV does provide that "[t]he collection of amounts due under this Article shall not be subject to the Settlement of Disputes procedures established in Article XVIII." See Plaintiff's Exhibit A, sections 12.13, 13.11, 14.11. But these articles only describe the respective funds and the procedures by which employers make payments for wages and fringe benefits to each one. They do not mention bonding requirements. As noted, the bonding requirement is specifically set forth in Article XV, as plaintiffs acknowledge in their Complaint. See Complaint, at ¶ 6 ("The amount of the surety bond

or cash is determined in accordance with Article XV of the Collective Bargaining Agreement."). Article XV does not include a provision excluding disputes regarding bonding from the dispute procedures set forth in Article XVIII, though obviously it could have been so drafted. The principle of <u>expressio unius est exclusio alterius</u> appears to be applicable here.[4]

Plaintiffs sue as third party beneficiaries of the Collective Bargaining Agreement. They cannot be permitted to pick and choose what parts of that agreement will govern their rights. Rather, they are bound by the applicable terms of the Agreement they sue on. Nothing in the Collective Bargaining Agreement excludes bonding disputes from the arbitration requirements. Accordingly, we hold that the plaintiff Union and the Trust Funds and their respective trustees are bound by the terms of the Collective Bargaining Agreement to arbitrate this bond dispute.

For the foregoing reason, defendant's motion for a stay

---

[4] Plaintiffs also argue that <u>Central States v. Tank Transport, Inc.</u>, 779 F. Supp. 947, 950 (N.D. Ill. 1991), is relevant to this discussion. There, the court granted plaintiffs' motion for reconsideration, after initially granting the defendant employer's motion to dismiss. The trustees had sued the employer for contributions under § 515 of ERISA. <u>Id.</u> The collective bargaining agreement required that both parties submit to the grievance/arbitration procedure set forth in the agreement. <u>Id.</u> When the grievance panel decided the case for the employer, preventing the matter from even going to arbitration, the court concluded it was doubtful that plaintiffs' interests could adequately be represented or resolved by the grievance panel, particularly when the marketplace in plaintiffs' industry was dominated by non-union employers. <u>Id.</u> at 951. Plaintiffs here have not alleged facts suggesting any concern similar to the one expressed by the court in <u>Tank Transport</u>.

pending arbitration is granted.[5/]  The parties are directed to initiate arbitration pursuant to the Collective Bargaining Agreement without delay.  A status conference is set or November 1, 2000 at 9:30 a.m. for a report on progress.

DATE:     September 29, 2000

ENTER:    _____
          John F. Grady, United States District Judge

---

[5/]We grant a stay, rather than dismiss the action, because Section 3 of the Federal Arbitration Act provides:
> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.  9 U.S.C. § 3.